**UNITED STATES DISTRICT COURT FOR
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-00517-NRN

Jeremiah J. Gish and
Anne K. Gish

    Plaintiffs,

v.

Real Time Resolutions, Inc. a Texas Corporation, and Does 1 through 100 inclusive,

    Defendants.

---

**DEFENDANT REAL TIME RESOLUTIONS, INC.'S MOTION TO DISMISS
COMPLAINT PURSUANT TO RULE 12(B)(6) AND INCORPORATED
MEMORANDUM OF LAW**

---

## TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................................ 1
II.     STATEMENT OF FACTS ................................................................................................ 1
III.   ARGUMENT ..................................................................................................................... 3
   A.  RTR Did Not Violate RESPA ..................................................................................... 5
      1.  Plaintiff's Request Was Not A Qualified Written Request ............................... 6
      2.  To The Extent That Plaintiffs Requests Were QWRs, Plaintiff Responded As Required by RESPA ..................................................................................................... 7
      3.  Plaintiffs Have Failed To Show Actual Damages ............................................ 8
   B.  Plaintiffs FDCPA Claims Should Be Dismissed .............................................. 10
   C.  Plaintiffs' Fraud and Misrepresentation Claims Fail to Satisfy FRCP 9(b) ...................... 12
IV.   CONCLUSION ............................................................................................................... 13

# TABLE OF AUTHORITIES

**Cases**

*Adams v. EMC Mortg. Corp.* 2012 U.S. Dist. LEXIS 186918 (D. Colo. 2012) ............................ 7
*Allen v. United Fin. Mortg. Corp.* 660 F. Supp. 2d 1089, 1097 (N.D. Cal. 2009) ....................... 10
*Ashcroft v. Iqbal,* 556 U.S. 662 (2009) ................................................................................... 4, 12
*Associated Gen. Contractors of Cal. Inc. v. Cal. State Counsel of Carpenters*, 459 U.S. 519 (1983) ................................................................................................................................... 5
*Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) .......................................................................... 4
*Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1219 (10th Cir. 2006) ....................................... 5
*Bunson v. Provident Funding Assocs.* 608 Fed. Appx. 602 (10th Cir. 2015) (unpublished) .......... 8
*Christenson v. Citimortgage, Inc.* 2013 U.S. Dist. LEXIS 133445 (D. Colo. 2016) ...................... 7
*Cornelius v. J.P. Morgan Chase Bank, N.A.*, 2017 U.S. Distr. LEXIS 109042 (N.D. Ga. May 19, 2017) ................................................................................................................................ 6, 9
*Cousineau v. Unifund CCR Partners*, 2012 U.S. Dist. LEXIS 107108 (D. Colo. 2012) ............. 12
*DeVary v. Countrywide Home Loans, Inc.* 701 F.Supp.2nd 1096 (D. Minn. 2010) ................. 7, 10
*Dunn v. White*, 880 F.2d 1188 (10th Cir. 1989) ............................................................................. 4
*Fowler v. Bank of Am. Corp.*, 747 F. App'x 666, 670-71 (10th Cir. 2018) (unpublished) ........... 10
*Grynberg v. Koch Gateway Pipeline Co.* 390 F.3d 1276 (10th Cir. 2004) ..................................... 4
*Haines v. Kerner*, 404 U.S. 519 (1972) ......................................................................................... 5
*Henson v. Bank of Am.* 935 F. Supp. 2d 1128 (D. Colo. 2013) .................................................. 7, 9
*Kohut v. Bank of Am.* LEXIS 93951 (D. Colo. 2011) ................................................................... 8
*Lal v. Am. Home Servicing, Inc.* 680 F. Supp. 2d, 1218, 1223 (E.D. Cal. 2010) ........................ 10
*Ogden v. PNC Bank,* 2014 U. S. Dist. LEXIS 113646 (D. Colo. 2014)                    9
*Schwartz v. Bank of Am. N.A.* 2011 U.S. Dist. LEXIS 37076 (D. Colo. 2011) ............................. 8
*Snider v. BAC Home Loans Servicing, LP* 2011 U.S. Dist. LEXIS 109045 (D. Colo. 2011)     11
*Tatten v. Bank of Am. Corp.*, 912 F. Supp. 1032 (D. Colo. 2012) ..................................... 5, 12, 13
*Tellabs, Inc. v. Makor Issues & Rights, Ltd.* 551 U.S. 308 (2007) ................................................ 4
*Tonea v. Bank of America*, N.A., 6 F. Supp. 3d 1331 (N.D. Ga. 2014) ......................................... 6
*Toone v. Wells Fargo Bank, N.A.* , 716 F. 3d 516 (10th Cir. 2013) ....................................... 10, 12
*United States ex. rel. Schwartz v. Coastal Healthcare Grp., Inc.*, 232 F.3d 902 (10th Cir. 2000) 12
*Wahl v. Midland Credit Mgmt.,* 556 F.3d 643, 646 (7th Cir. 2009)……………………… ……12
*Whitney v. New Mexico*, 113 F.3d 1170 (10th Cir. 1997) .............................................................. 5
*Whittier v. Ocwen Loan Servicing, L.L.C.* 594 F. App'x 833, 837 (5th Cir. 2014) (unpublished) 10

**Statutes**

12 U.S.C. §2605(e)(10) ................................................................................................................ 12
12 U.S.C. §2605(e)(2) ............................................................................................................ 10, 12
12. U.S.C. §2605 ............................................................................................................................ 4
15 U.S.C. §1692 ....................................................................................................................... 4, 12
15 U.S.C. § 1681 et. seq ............................................................................................................... 10

**Rules**

Fed. R. Civ. P. 12(b)(6) ...................................................................................................... 3, 6, 7, 12
Fed. R. Civ. P. 9(b) ................................................................................................................. 13, 14

3

Defendant Real Time Resolutions, Inc. ("RTR" or "Defendant") submits this motion to dismiss and incorporated memorandum of law seeking an order dismissing the complaint (the "Complaint") filed by Jeremiah J. Gish and Anne K. Gish (the "Plaintiffs") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I.  INTRODUCTION

The Complaint should be dismissed with prejudice because Plaintiffs fail to state any valid claims against RTR.  In particular, Plaintiffs claim that RTR has violated the Real Estate Settlement Procedures Act, 12. U.S.C. § 2605 ("RESPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (the "FDCPA") as a result of RTR's alleged failure to respond to Qualified Written Requests ("QWRs") sent to RTR by Plaintiffs.  Plaintiffs also assert claims against RTR based on their unsupported allegations that RTR lacked standing to enforce Plaintiffs' note and that billing statements sent by RTR gave incorrect loan balances.  However, the documents attached by Plaintiffs to their complaint, along with the documents provided to Plaintiffs in response to their correspondence demonstrate that RTR in fact responded to Plaintiffs' correspondence to the extent that it constituted a QWR, and that RTR was under no obligation to respond to the remainder of Plaintiffs' lengthy request.  Plaintiffs' other claims do not go beyond bare and unsupported allegations that certain documents were forged, that loan balances were incorrect, or that RTR had somehow deceived or misled Plaintiffs.  Such bare allegations cannot support claims of fraud and misrepresentation or violations of RESPA and the FDCPA.  Accordingly, the Complaint should be dismissed with prejudice.

## II.  STATEMENT OF FACTS

Plaintiffs allege in their Complaint that they are the owners of a parcel of real property located at 9570 W. Maplewood Pl., Littleton, CO 80123 (the "Property").  Complaint ¶ 3.  On

1

April 1, 2007, Plaintiffs borrowed $49,500.00 from Clarion Mortgage Capital, Inc. ("CMC") pursuant to a Note dated April 1, 2007.  To secure the obligations represented by the Note, Plaintiffs executed a Deed of Trust granting CMC a security interest in the Property.  Complaint ¶5.

On March 8, 2007, Aurora Loan Services, LLC ("Aurora Loan Services") sent Plaintiffs a letter informing them that effective as of April 1, 2007, servicing rights with respect to their loan would be transferred from CMC to Aurora Loan Services.  On July 1, 2011, Aurora Loan Services sent Plaintiffs a letter informing them that effective as of July 21, 2011, the servicing rights with respect to their loan would be transferred from Aurora Loan Services to Aurora Bank FSB ("Aurora Bank").  On July 15, 2011, Aurora Bank sent Plaintiffs a letter informing them that effective as of August 1, 2011, the servicing rights to their loan would be transferred to RTR.  Complaint, Ex. D.

On August 1, 2011, RTR sent a letter to Plaintiffs informing them that effective as of August 3, 2011, the servicing rights to their loan had been transferred from Aurora/Lehman to RTR.  Complaint Ex. D.

On July 17, 2018, Mr. Gish sent two letters to RTR, each purporting to be a Qualified Written Request pursuant to RESPA.  Complaint, Ex. B.[1]

On August 1, 2018, RTR responded to Mr. Gish's correspondence and attached several documents as set forth in the letter.  Complaint, Ex. D.

---

[1] RTR received only part of one of the two letters delivered by Plaintiffs – with respect to the ten page letter dated July 17, 2018, RTR received only pages 1, 2 and 10.  The Court need not resolve any dispute over whether or not RTR received the entirety of this letter, however, as Plaintiffs have failed to show that RTR violated RESPA in its response even if RTR had received the entire letter.  RTR reserves the right to raise this issue at a later stage of this proceeding if necessary.

On October 10, 2018, Mr. Gish filed a complaint with the Colorado Division of Banking. On October 18, RTR responded to the Colorado Division of Banking, reiterating that RTR had provided Mr. Gish with complete payment histories from 2009 through the present. RTR further stated that it did not have access to the payment history from April 1, 2007 through the end of 2008 despite having requested such information from the prior servicer, but would provide that information upon receipt. Complaint, Ex. E.

The Complaint asserts four causes of action, all of which depend on the same set of allegations:

- Count I alleges that RTR violated the Real Estate Settlement Procedures Act by failing to respond properly to Plaintiffs' qualified written requests.

- Count II alleges that RTR violated the Fair Debt Collection Practices Act by failing to respond properly to Plaintiffs' qualified written requests, by falsely representing the character, amount or legal status of any debt, by using a false representation or deceptive means to collect a debt, and by using unfair and deceptive means to collect a debt.

- Count III alleges that RTR committed fraud by presenting an allegedly forged agreement between Aurora Loan Services and RTR and by failing to provide Plaintiffs with a payment history covering the entire life of the loan.

- Count IV alleges that RTR made misrepresentations regarding their authority to collect the loan, their ownership of the loan, and the balance of the loan.

III.   **ARGUMENT**

The Complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim on which relief may be granted. *Fed.R.Civ.P.* 12(b)(6). While a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, it must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). To satisfy this plausibility standard, the complaint must indicate that defendant's liability is more than "a sheer possibility." *Iqbal,* 556 U.S. at 678. "Where a

3

complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). It is not enough to simply allege that defendants violated the law – such allegations must be supported by facts making it plausible to believe that plaintiffs are entitled to relief. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based").

Under the two-pronged approach articulated in *Twombly* and formalized in *Iqbal*, a district court must first identify all factual allegations that constitute nothing more than "legal conclusions" or "naked assertions." *Twombly*, 550 U.S. at 555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded for purposes of resolving a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 679. Next, the district court must identify "the 'nub' of the complaint—the well-pleaded, nonconclusory factual allegation[s]." *Id*. Taking these allegations as true, the district judge must then determine whether the complaint states a plausible claim for relief. See *id*. In particular, if the Court determines that even if all the well-pleaded allegations in the Complaint are taken to be true, they do not describe a violation of the law, the plaintiff will have failed to state a claim upon which relief can be granted and the Complaint must be dismissed.

In deciding a motion to dismiss, the Court may consider the allegations in the complaint and exhibits attached to or relied upon in the complaint, *see Tellabs, Inc. v. Makor Issues & Rights, Ltd.* 551 U.S. 308, 322 (2007) and matters of public record, *see Grynberg v. Koch Gateway Pipeline Co.* 390 F.3d 1276, 1279 n.1 (10th Cir. 2004). In particular, the Court may consider the documents provided by RTR in response to Plaintiffs' correspondence which are attached hereto as Exhibit A, both because it is the alleged insufficiency of those documents which form the

gravamen of Plaintiffs' Complaint, and because those documents are referred to in the letter attached to the Complaint as Exhibit D.

Because Plaintiffs are proceeding *pro se*, the Court should review Plaintiffs pleadings liberally, as *pro se* plaintiffs are typically held to a less stringent standard than licensed attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court should not, however, act as the *pro se* Plaintiffs' advocate, nor should it supply missing factual allegations or provide missing legal theories. *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). The Court may not assume that a *pro se* plaintiff can prove facts that have not been alleged or that a defendant has violated laws in ways that plaintiff has not alleged. *Tatten v. Bank of Am. Corp.*, 912 F. Supp. 1032, 1037 (D. Colo. 2012), citing *Associated Gen. Contractors of Cal. Inc. v. Cal. State Counsel of Carpenters*, 459 U.S. 519, 526 (1983).

Even under the liberal pleading standards accorded to *pro se* plaintiffs, Plaintiffs fail to state a claim against RTR under any theory. The Complaint should be dismissed with prejudice.[2]

### A. RTR Did Not Violate RESPA

Plaintiffs accuse RTR of violating 12 U.S.C. §2605(e) by not responding completely and fully to their voluminous "qualified written requests." However, the majority of the information sought by Plaintiffs does not pertain to the servicing of the loan and is therefore not properly the subject of a QWR under RESPA. To the extent that Plaintiffs did seek information pertaining to the servicing of their loan, RTR responded. Accordingly, Count I should be dismissed with prejudice.

---

[2] Dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and leave to amend would be futile. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006). Where, as here, the documents attached to the complaint demonstrate that Plaintiffs' allegations are groundless, amendment would clearly be futile.

12 U.S.C. §2605(e)(1)(B) defines a qualified written request as "written correspondence that (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." Upon receipt of a qualified written request, section 2605(e)(2) requires that a servicer must, within 30 days, correct any errors in the borrower's account or

> (B) after conducting an investigation, provide the borrower with a written explanation or clarification that includes –
>> (i) to the extent applicable, a statement of the reasons for which the servicer believes the account of the borrower is correct as determined by the servicer; and
>> (ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower; or
>
> (C) after conducting an investigation, provide the borrower with a written explanation or clarification that includes –
>> (i) information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer; and
>> (ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower.

In order to state a claim that RTR violated section 2605(e), Plaintiffs must allege facts plausibly indicating that RTR is a servicer, that the communications sent by Plaintiffs to RTR were valid QWRs, that RTR failed to adequately respond within the statutory period, and that Plaintiffs suffered actual damages or can show a pattern or practice of non-compliance with RESPA. *See Cornelius v. J.P. Morgan Chase Bank, N.A.*, 2017 U.S. Distr. LEXIS 109042 (N.D. Ga. May 19, 2017), quoting *Tonea v. Bank of America, N.A.*, 6 F. Supp. 3d 1331 (N.D. Ga. 2014). Plaintiffs' Complaint falls short of this standard in several respects.

**1. Plaintiff's Request Was Not A Qualified Written Request**

In order for a request to be a Qualified Written Request under RESPA, the request must seek information relating to the servicing of the loan.  12 U.S.C. §2605(e)(1)(A).  Such information includes information concerning "the borrower's payments, the distribution of payments between principal and interest, and escrow disbursements to pay property taxes."  *Adams v. EMC Mortg. Corp.* 2012 U.S. Dist. LEXIS 186918 at *32 (D. Colo. 2012).  Requests for information regarding matters other than the servicing of the loan, such as the original financing of the loan, the validity of the loan, or transfers of the loan, are not covered by RESPA.  *See Christenson v. Citimortgage, Inc.* 2013 U.S. Dist. LEXIS 133445 (D. Colo. 2016); *DeVary v. Countrywide Home Loans, Inc.* 701 F.Supp.2nd 1096, 1107-1108 (D. Minn. 2010).

Plaintiffs' letters of July 17, 2018, while purporting to be qualified written requests, seek information far beyond and unrelated to the servicing of the loan. The first and shorter of the July 17 letters asks for documents concerning the origination of the loan and about any transfers of the loan.  *See* Complaint, Ex. B.  The second letter also largely sought information not pertinent to the servicing of the loan, *see* Complaint Ex. B (seeking, among other things, documents related to the purchase and sale of servicing rights related to Plaintiffs' loan, information regarding the operation of RTR's accounting system, the securitization and transfer of Plaintiffs' loan, attorneys' fees and BPO fees).  Such information does not relate to loan servicing and is far beyond the scope of a QWR.  *Henson v. Bank of Am.* 935 F. Supp. 2d 1128, 1144-1145 (D. Colo. 2013) (letter seeking information regarding name and address of current holder of loan as well as information concerning attorneys' fees, property inspection fees and property preservation fees did not relate to servicing of loan and could not be the predicate of a RESPA claim).

2. **To The Extent That Plaintiffs Requests Were QWRs, Plaintiff Responded As Required by RESPA**

7

Upon receipt of a QWR, RESPA requires a servicer to provide a written explanation incorporating the information requested or an explanation of why the information was not available.  12 U.S.C. § 2605(e)(2).  Because RTR in fact responded to those portions of Plaintiffs' requests which arguably concern servicing by providing the information requested, RTR complied with the requirements of RESPA.  *See Kohut v. Bank of Am. Home Loans*, 2011 U.S. Dist. LEXIS 93951 at *13(D. Colo. 2011); *Schwartz v. Bank of Am. N.A.* 2011 U.S. Dist. LEXIS 37076 at *16 (D. Colo. 2011).

Examination of the documents provided in response to Plaintiffs' correspondence demonstrates that RTR in fact provided Plaintiffs with the requested information to the extent it was related to the servicing of the loan.  *See* Ex. A, Complaint Ex. D.  RTR in its response provided copies of its own Loan History Summary, the prior servicer's Customer Account Activity Statements which itemized the account's transaction history[3] as well as other documents such as copies of the HUD-1 Settlement Statement, the Uniform Residential Loan Application, the Promissory Note, the Deed of Trust and various documents related to the transfer of servicing rights and RTR's standing to service the account.  Plaintiffs' dissatisfaction with RTR's response is not sufficient to state a RESPA violation.  *See Bunson v. Provident Funding Assocs.* 608 Fed. App'x. 602, 611 (10th Cir. 2015) (unpublished).

### 3. Plaintiffs Have Failed To Show Actual Damages

To state a claim for violation of RESPA, Plaintiffs must demonstrate that they sustained actual damages proximately caused by RTR's purported violation, or that such violation was part of a pattern or practice of non-compliance with RESPA by RTR.  *Henson v. Bank of Am.*, 935 F.

---

[3] RTR's response included its own payment history and a payment history obtained from Aurora, but did not contain a payment history from CMC.  RTR's later communications with Plaintiffs' clarified that this payment history had been requested and would be provided upon receipt.  Complaint Ex. E.

8

Supp.2d at 1145 (D. Colo. 2013). In order to recover actual damages, Plaintiffs must plead "a causal link between their claimed damages and the specific RESPA violation complained of." *Id.*

The Complaint makes no attempt to show such a causal link and contains nothing more than vague statements to the effect that Plaintiffs were damaged as a result of RTR's alleged failure to respond to the alleged QWRs. Complaint, ¶¶ 37, 53. General allegations that a plaintiff has been damaged do not suffice to withstand a motion to dismiss under Rule 12(b)(6). *Cornelius v. JP Morgan Chase Bank, N.A.*, 2017 US Dist. LEXIS 109042 at *17 (N.D. Ga. 2017).

Plaintiffs claim to have been damaged in that they have (i) "made numerous mortgage payments to a fraudulent loan balance" resulting in RTR being unjustly enriched, (ii) incurred court fees and (iii) suffered "slander of their reputation due to the fact that an illegitimate loan balance has been attributed to them." Complaint, ¶37. Elsewhere in the Complaint, Plaintiffs claim to have suffered emotional distress, Complaint ¶¶ 53, 60, though they do not attempt to connect their alleged emotional distress to any purported RESPA violation. Plaintiffs do not, however, establish any sort of causal link between the purported RESPA violations and their alleged damages. Notably, Plaintiffs' allegation that they made numerous mortgage payments to a fraudulent loan balance is belied by the loan balances provided to Plaintiff by RTR, which show Plaintiffs have made no payments since 2010. Damages allegedly suffered as a result of payments made before 2010 cannot have been proximately caused by a purported RESPA violation occurring in 2018. *See Ogden v. PNC Bank,* 2014 U. S. Dist. LEXIS 113646 at *6 (D. Colo. 2014) (damages allegedly suffered prior to plaintiff sending a QWR could not be causally linked to alleged RESPA violation).

Plaintiffs' other claimed damages are even more unavailing. While Plaintiffs claim that they have suffered "slander of their reputation due to the fact that illegitimate and false information

9

has been attributed to them and reported to credit reporting agencies and bureaus," Complaint ¶37, they are unable to point to any instance of such information having been reported to credit reporting agencies and bureaus, much less any facts showing that they have suffered actual damages as a result.[4] With respect to Plaintiffs' claim to have been damaged by incurring court costs, courts have consistently held that the costs of filing suit are not damages related to an alleged RESPA violation and such costs do not suffice as a harm warranting actual damages. *Fowler v. Bank of Am. Corp.*, 747 F. App'x 666, 670-71 (10th Cir. 2018) (unpublished); *Whittier v. Ocwen Loan Servicing, L.L.C.* 594 F. App'x 833, 837 (5th Cir. 2014) (unpublished); *Lal v. Am. Home Servicing, Inc.* 680 F. Supp. 2d, 1218, 1223 (E.D. Cal. 2010); *Allen v. United Fin. Mortg. Corp.* 660 F. Supp. 2d 1089, 1097 (N.D. Cal. 2009) (allegation that plaintiff had incurred attorneys' fees insufficient to state claim for actual damages under RESPA).

Similarly, while the Complaint appears to seek statutory damages for RTR's alleged violation of RESPA, the complaint fails to make even a conclusory allegation that RTR engaged in a pattern or practice of non-compliance with RESPA, much less one that the Court could credit in the context of a motion to dismiss. *Toone v. Wells Fargo Bank, N.A.*, 716 F. 3d 516, 523 (10th Cir. 2013). Accordingly, Plaintiffs' RESPA claims should be dismissed with prejudice.

**B. Plaintiffs FDCPA Claims Should Be Dismissed**

Plaintiffs allege that RTR violated 15 U.S.C. §§1692(e)(2), (e)(10) and (f) of the Fair Debt Collection Practices Act (the "FDCPA") by falsely representing the character, amount or legal status of Plaintiffs' debt, by using a false representation or deceptive means to collect a debt, and

---

[4] RTR has not, in fact, reported any information concerning Plaintiffs to credit reporting agencies. Even if RTR had done so, such reporting would not give rise to damages under RESPA but would rather implicate the Fair Credit Reporting Act, 15 U.S.C. § 1681 et. seq.; *cf. DeVary v. Countrywide Home Loans, Inc.*, 701 F. Supp. 2d 1096, 1109 (D. Minn. 2010) (suggesting that defendant had not violated RESPA by reporting negative information about plaintiff).

by using unfair or deceptive means to collect a debt. The Complaint, however, includes no allegations that RTR has in fact violated the FDCPA, but instead simply recites statutory language from the FDCPA and repeats its allegation that RTR violated RESPA. This is insufficient to state a claim for violation of the FDCPA. *See Snider v. BAC Home Loans Servicing LP*, 2011 U.S. Dist. LEXIS 109045 at *13-14 (D. Colo. 2011) (dismissing FDCPA claim where plaintiff failed to identify conduct constituting an FDCPA violation).

Further, nothing in the Complaint identifies any misrepresentation made by RTR, much less one which could have violated the FDCPA. Plaintiffs' belief that RTR has cited inconsistent balances in various communications reflects a misunderstanding of RTR's letters rather than any misrepresentation.[5] Similarly, although Plaintiffs suggest that the letters sent to them regarding transfers of servicing rights are inconsistent, a careful reading of those letters reveals no inconsistencies. Rather, Plaintiffs claim appears to be based on a misapprehension that the August 22, 2005 agreement between Aurora Loan Services and RTR transferred the servicing rights to Plaintiffs' loan to in 2005. In fact, that agreement was not limited to loans in existence in 2005 but contemplated that loans made in the future, such as Plaintiffs' loan, would be serviced by RTR.[6] Where the record establishes that the information provided was not, in fact, inaccurate or misleading, an FDCPA claim based on such information should be dismissed. *Cousineau v.*

---

[5] To the extent that Plaintiffs assert that RTR has quoted different balances to Plaintiffs, Complaint ¶ 33-36, Plaintiffs misunderstand the letters attached as Exhibit E to the Complaint. The 8/4/2011 letter from RTR refers to a principal balance of $48,527.37 and a payoff amount of $52,872.23. The 10/18/2018 letter from RTR refers to an unpaid principal balance of $48,527.37 – consistent with the 8/4/2011 letter – and does not reference a payoff amount. The 9/28/2018 letter from RTR refers to a balance due of $44,613.70. Finally, the 8/9/2018 billing statement refers to balance due of $44,613.70, consistent with the 9/28/2018 letter, and an outstanding principal balance of $48,527.37, consistent with the 8/4/2011 letter, the 10/18/2018 letter and the 9/28/2018 letter. While RTR does refer to three different amounts at various times, this is simply because the letters were at various times referencing three different concepts – the unpaid principal balance, the payoff amount, and the amount due. There is no inconsistency or misrepresentation here.

[6] The agreement refers to loans as to which "Aurora, in its sole discretion, from time to time shall deliver a service order" *See* Exhibit A.

*Unifund CCR Partners*, 2012 U.S. Dist. LEXIS 107108 at *14-15 (D. Colo. 2012); *see also Wahl v. Midland Credit Mgmt.,* 556 F.3d 643, 646 *(*7th Cir. 2009) (statement that would not mislead consumer possessing rudimentary knowledge of the financial world does not violate FDCPA). Plaintiffs' other allegations, such as their bald assertion that the August 22, 2005 agreement was forged, are nothing more than conclusory allegations with no factual support, which do not suffice to state a claim against RTR under the standard articulated by the Supreme Court in *Iqbal*.

### C. Plaintiffs' Fraud and Misrepresentation Claims Fail to Satisfy FRCP 9(b)

Plaintiffs' claim that RTR is guilty of fraudulent misrepresentation must be dismissed because the Complaint contains nothing more than vague and conclusory allegations of fraud, which fall far short of the specificity requirements of Rule 9(b) of the Federal Rules of Civil Procedure. Accordingly, Counts 3 and 4 of the Complaint should be dismissed with prejudice.

Rule 9(b) of the Federal Rules of Civil Procedure requires that a party alleging fraud "state with particularity the circumstances constituting fraud or mistake," although a party's state of mind may be alleged generally. *Fed.R.Civ.P.* 9(b). In practice, this means that a pleading alleging fraud or misrepresentation must "set forth the who, what, when, where and how of the alleged fraud." *Toone v. Wells Fargo Bank, N.A.* , 716 F.3d at 522 (10th Cir. 2013); *Tatten v. Bank of Am. Corp.* 912 F. Supp.2nd at 1040 (D. Colo. 2012), *quoting United States ex. rel. Schwartz v. Coastal Healthcare Grp., Inc.,* 232 F.3d 902 (10th Cir. 2000). The Complaint fails to provide any of this information. Instead, the Complaint merely alleges that RTR knowingly misrepresented material facts and made representations with no reasonable grounds with the intent that Plaintiffs would rely on these statements, Complaint ¶¶ 49, 55, that the August 22, 2005 agreement was forged, Complaint ¶¶ 50.b, 57.b, and that RTR submitted false billing statements, Complaint ¶¶ 51, 58. However, the Complaint fails to include any information as to the "who, what, where, when and

how" of the any of these alleged forgeries or misrepresentations.  *See Tatten,* 932 F. Supp. 2nd at 1040.  RTR is left to guess at which statements Plaintiffs believe contain misrepresentations and can only speculate as to how Plaintiffs believe its statements to have been inaccurate.  This is precisely the situation which Rule 9(b) seeks to avoid.  *See DeVary v. Countrywide Home Loans, Inc.,* 701 F. Supp. at 1110(D. Minn. 2010).  Accordingly, Counts 3 and 4 of the Complaint should be dismissed with prejudice.

## IV.    CONCLUSION

For all the foregoing reasons, RTR's motion to dismiss should be granted and Plaintiffs Complaint should be dismissed with prejudice.

Repectfully submitted, this  20th day of March, 2019.

WEINSTEIN & RILEY, P.S.

  /s/ Charles H. Jeanfreau
Charles H. Jeanfreau Jr., NY Bar # 2958940
11 Broadway Ste 615
New York, NY 10004-1490
Telephone: (212) 268-5540
Facsimile: (206) 269-3493
Email: CharlesJ@w-legal.com

And

Deanna L. Westfall, attorney # 23499
Lisa Concanon, attorney # 43043
11101 West 120th Avenue, # 280
Broomfield, CO 80021
Phone: (303) 539-8600
Fax:    (206) 269-3493
Email:  deannaw@w-legal.com; lisac@w-legal.com

*Attorneys for Defendant Real Time Resolutions, Inc.*